ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| ISAAC COLÓN VALLE, ADELINE ZEIRIANNIE MATÍAS GONZÁLEZ y la sociedad legal de bienes gananciales compuesta por ambos,<br><br>Apelante,<br><br>v.<br><br>**MARVIN ALAMEDA RAMÍREZ**; **ALAMEDA HOLDINGS CORP.**, por conducto de su agente residente MARVIN ALAMEDA RAMÍREZ; **HOGAR DE ANCIANOS MIRADERO HILLS, LLC**, por conducto de su agente residente MARVIN ALAMEDA RAMÍREZ; ASEGURADORA ABC como asegurado de MARVIN ALAMEDA RAMÍREZ; ASEGURADORA DEF como aseguradora de ALAMEDA HOLDINGS CORP.; ASEGURADORA GHI como aseguradora del HOGAR DE ANCIANOS MIRADERO HILLS, LLC.; DEMANDADO DESCONOCIDO XYZ; ASEGURADORA GHI; ASEGURADORA JKL,<br><br>Apelada. | TA2026AP00138 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez.<br><br>Civil núm.: MZ2022CV00718.<br><br>Sobre: cobro de dinero por la vía ordinaria; incumplimiento de contrato y disolución de corporación, y liquidación de activos. |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente

SENTENCIA

En San Juan, Puerto Rico, a 17 de marzo de 2026.

La parte apelante, compuesta por el señor Isaac Colón Valle, la señora Adeline Zeiriannie Matías González, y la sociedad legal de bienes gananciales compuesta por ambos (matrimonio Colón-Matías), presentó el presente recurso de apelación el 9 de febrero de 2026. Mediante este,

solicita que revoquemos la *Sentencia Parcial* emitida y notificada el 18 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Ponce, y que dejemos sin efecto las desestimaciones decretadas. En la alternativa, que el caso sea devuelto al foro primario para la celebración de una vista evidenciaria y el correspondiente desfile de prueba[1].

Mediante el referido dictamen, el foro primario declaró sin lugar la moción de sentencia sumaria parcial presentada por el matrimonio Colón-Matías el 8 de agosto de 2025. Asimismo, declaró con lugar la moción en oposición presentada por los apelados, Hogar de Ancianos Miradero Hills, LLC, Alameda Holdings Corp. y el señor Marvin Alameda Ramírez, a los fines de desestimar la demanda en cuanto a las causas de acción de disolución corporativa y liquidación de activos, pues concluyó que el señor Colón Valle carecía de legitimación para solicitar la disolución judicial de la compañía. Como consecuencia de lo anterior, también desestimó la causa de acción en daños y perjuicios por interferencia culposa con obligaciones contractuales de tercero presentada contra Alameda Holdings Corp., quedando dicha parte liberada de la demanda instada en su contra.

Por los fundamentos que expondremos a continuación, **confirmamos** la *Sentencia Parcial* apelada.

I

El 18 de mayo de 2022, el matrimonio Colón-Matías presentó una demanda contra el doctor Marvin Alameda Ramírez (señor Alameda Ramírez); Alameda Holdings Corp. (Alameda Holdings); Hogar de Ancianos Miradero Hills, LLC (Miradero Hills); varias aseguradoras designadas nominalmente y otros demandados desconocidos. En la demanda sobre cobro de dinero, incumplimiento de contrato, y disolución y liquidación de la compañía, alegaron que, en febrero de 2018, los señores Colón Valle y Alameda Ramírez suscribieron un contrato verbal para desarrollar un hogar de ancianos en Mayagüez y pactaron la creación de

---

[1]Tomamos en consideración los recursos sometidos y que constan en el *Sistema Unificado de Manejo y Administración de Casos* (SUMAC), tanto del Tribunal de Primera Instancia (TPI) como del Tribunal de Apelaciones (TA).

Miradero Hills, la distribución de funciones administrativas, el financiamiento del proyecto y la eventual partición equitativa de los activos, una vez el negocio entrara en operación[2].

El matrimonio Colón-Matías sostuvo que, posteriormente, el señor Alameda Ramírez presentó ante el Departamento de Estado una enmienda a los artículos de la compañía mediante la cual eliminó al señor Colón Valle del puesto de administrador, y utilizó una certificación y resolución corporativa que este último negó haber firmado, acto que calificó como fraudulento[3]. Además, alegó que el señor Alameda Ramírez adquirió bienes inmuebles con activos corporativos y emitió resoluciones presuntamente falsas, en perjuicio del señor Colón Valle[4]. A tenor con lo anterior, reclamó las cantidades adeudadas, la disolución de Miradero Hills y la distribución equitativa de sus activos, así como los intereses, costas y honorarios de abogado.

El 22 de julio de 2022, Alameda Holdings presentó una moción de desestimación parcial al amparo de la Regla 10.2(5) de Procedimiento Civil. Alegó que la demanda no exponía hechos suficientes que constituyeran una causa de acción en su contra, ni solicitaba remedio alguno específico frente a dicha corporación. Sostuvo que las alegaciones dirigidas a Alameda Holdings se limitaban a describir su personalidad jurídica y la adquisición de un inmueble mediante escritura pública, sin imputarle conducta ilícita concreta ni vínculo contractual u obligacional con el matrimonio Colón-Matías[5].

El 26 de julio de 2022, el matrimonio Colón-Matías presentó su oposición a la desestimación. Sostuvo que las alegaciones de la demanda debían interpretarse de forma liberal y favorable a la parte demandante y que, evaluadas en conjunto, evidenciaban la participación de Alameda

---

[2] Entrada 1 de SUMAC TPI, pág. 3.

[3] *Íd.*, pág. 6.

[4] *Íd.*, págs. 8-9.

[5] Entrada 15 de SUMAC TPI.

Holdings en los acuerdos entre las partes, particularmente en relación con la adquisición del solar colindante que, según alegó, había sido acordado adquirir a nombre de Miradero Hills. Además, sostuvo que la desestimación era prematura debido a que aún no se había llevado a cabo el descubrimiento de prueba[6].

El 27 de julio de 2022, Alameda Holdings presentó una réplica en la cual reiteró que la demanda carecía de alegaciones fácticas suficientes que establecieran responsabilidad en su contra y que la moción de desestimación podía resolverse a base de las alegaciones, sin necesidad de descubrimiento de prueba[7].

Ese mismo 27 de julio de 2022, el matrimonio Colón-Matías presentó una demanda enmendada mediante la cual incorporó por primera vez una causa de acción por daños y perjuicios por interferencia culposa con obligaciones contractuales de tercero en contra de Alameda Holdings y del señor Alameda Ramírez. Alegó que Alameda Holdings intervino de forma intencional en la relación contractual existente entre los miembros de Miradero Hills al adquirir el solar que, según se alega, las partes habían acordado comprar a nombre de dicha compañía, lo que privó a esta de un activo necesario para completar el proyecto. A base de lo anterior, solicitó que ambos codemandados respondieran solidariamente al amparo del Art. 1536 del Código Civil y reclamó daños que estimó en no menos de $50,000.00[8].

El 30 de agosto de 2022, Miradero Hills presentó su contestación a la demanda enmendada. En síntesis, negó la existencia de un contrato verbal o de una sociedad entre el señor Colón Valle y el señor Alameda Ramírez. Adujo que cualquier participación del primero en las ganancias del proyecto estaba condicionada a que el hogar estuviera en operaciones y a que se saldaran las obligaciones financieras contraídas para su

---

[6] Entrada 17 de SUMAC TPI.

[7] Entrada 18 de SUMAC TPI.

[8] Entrada 19 de SUMAC TPI.

desarrollo. Asimismo, sostuvo que la terminación de la relación con el señor Colón Valle obedeció a justa causa, luego de que este realizara gestiones para establecer otro hogar de ancianos en competencia directa con Miradero Hills, lo que calificó como un acto de deslealtad y competencia desleal[9].

Posteriormente, el 10 de noviembre de 2022, el Tribunal de Primera Instancia emitió su resolución respecto a la moción de desestimación parcial presentada por Alameda Holdings. Tras examinar las alegaciones de la demanda enmendada y aplicar el estándar correspondiente a una moción de desestimación, el tribunal concluyó que, tomadas como ciertas y consideradas de la manera más favorable a la parte demandante, las alegaciones podían satisfacer los elementos de una causa de acción por interferencia torticera. En consecuencia, declaró no ha lugar la moción de desestimación parcial y ordenó a Alameda Holdings presentar su contestación a la demanda enmendada[10].

Tras varias incidencias procesales, el 1 de mayo de 2023, Miradero Hills presentó una demanda contra tercero contra Hogar de Ancianos Casa Retiro, LLC (Casa de Retiro), y el matrimonio Colón-Matías. En síntesis, alegó que el señor Colón Valle, mientras fungía como oficial de Miradero Hills, constituyó Casa Retiro junto a su esposa, y sin conocimiento de la empresa, y utilizó información, materiales y recursos obtenidos en su posición. Según sostuvo, estas actuaciones violaron su deber de lealtad y permitieron a Casa Retiro competir directamente con Miradero Hills y trasladar a varios de sus huéspedes, lo que le ocasionó daños económicos estimados en $21,350.00 mensuales. Como remedio, solicitó la indemnización por los daños alegados, daños punitivos y la disolución de Casa Retiro[11].

---

[9] Entrada 38 de SUMAC TPI.

[10] Entrada 42 de SUMAC TPI.

[11] Entrada 69 de SUMAC TPI.

El 2 de mayo de 2023, el señor Alameda Ramírez presentó su contestación a la demanda enmendada, en la que negó la existencia de un contrato verbal o de una sociedad con el señor Colón Valle. Alegó que cualquier participación de este último en las ganancias del proyecto estaba condicionada a que se saldaran las obligaciones financieras del negocio y que el señor Colón Valle nunca realizó aportación de capital a la compañía. Asimismo, sostuvo que la terminación de la relación contractual con el señor Colón Valle fue una decisión legítima de la empresa, motivada por las gestiones de este para establecer un hogar de ancianos competidor[12].

El 5 de mayo de 2023, Alameda Holdings presentó su contestación a la demanda enmendada, en la que admitió algunas alegaciones de carácter formal, pero negó sustancialmente las imputaciones de los demandantes. Entre otras defensas, sostuvo que no existía un contrato verbal con el señor Colón Valle, que este prestaba servicios para Miradero Hills y no para el señor Alameda Ramírez a título personal, y que la terminación de su relación con la compañía obedeció a justa causa[13].

El 16 de junio de 2023, el matrimonio Colón-Matías, en su carácter de terceros demandados, presentaron su contestación a la demanda contra tercero presentada por Miradero Hills. En su escrito, aceptaron algunas alegaciones iniciales de carácter identificativo, pero negaron la mayoría de las alegaciones sustantivas. Además, solicitaron al tribunal que declarara sin lugar la demanda contra tercero presentada en su contra[14].

Transcurrido el descubrimiento de prueba, el 8 de agosto de 2025, el matrimonio Colón-Matías presentó una moción de sentencia sumaria parcial, en la que solicitó que el tribunal decretase que el señor Colón Valle era miembro de Miradero Hills, al sostener que la prueba documental y

---

[12] Entrada 80 de SUMAC TPI.

[13] Entrada 84 de SUMAC TPI, anejo 1.

[14] Entrada 93 de SUMAC TPI.

testifical demostraba su participación como tal en la entidad[15]. Para reforzar su solicitud, incluyó los siguientes documentos:

1. Juramento de Isaac Colón Valle del 31 de julio de 2025[16].

2. Transcripción de la deposición de Yadira Heidy Reyes Torres del 7 de marzo de 2024, identificada como Exhibit 1[17].

3. Transcripción de la deposición de Marvin Alameda Ramírez del 24 de febrero de 2025, identificada como Exhibit 3[18].

4. Copia de tres cheques del IRS (*Internal Revenue Service*), identificados como Exhibit 4[19].

5. Copia de documento del IRS sobre concesión de seguro social patronal, identificada como Exhibit 5.[20]

6. Contrato de Arrendamiento y Contrato de Opción a Compra, ambos del 23 de febrero de 2018, identificados como Exhibit 6[21].

7. Copia certificada del expediente del Registro de Corporaciones del Departamento de Estado, identificada como Exhibit 7[22].

8. Escritura de compraventa otorgada el 12 de febrero de 2022, ante la abogada-notaria Marisol Medina Velázquez, en Mayagüez, Puerto Rico, identificada como Exhibit 8[23].

9. Carta del 17 de marzo de 2022, dirigida a Isaac Colón Valle de parte del Lcdo. Luis E. Pérez Lebrón, identificada como Exhibit 9[24].

El 29 de agosto de 2025, los apelados presentaron su oposición a la moción de sentencia sumaria parcial. En síntesis, negaron que el señor Colón Valle fuese miembro de Miradero Hills, y sostuvieron que la prueba presentada no demostraba tal condición. En apoyo a su postura, señalaron

---

[15] Entrada 221 de SUMAC TPI.

[16] *Íd.*, anejo 1.

[17] Entrada 221 de SUMAC TPI, anejo 2.

[18] *Íd.*, anejo 4.

[19] *Íd.*, anejo 5.

[20] *Íd.*, anejo 6.

[21] *Íd.*, anejo 7.

[22] *Íd.*, anejo 8.

[23] *Íd.*, anejo 10.

[24] *Íd.*, anejo 9.

que el certificado de organización presentado ante el Registro de Corporaciones del Departamento de Estado únicamente identificaba al señor Colón Valle como vicepresidente y secretario, cargos de naturaleza funcional. Además, argumentaron que los pagos recibidos por el señor Colón Valle correspondían a servicios profesionales como contratista independiente, según reflejaban los comprobantes de retención contributiva, una certificación de empleo y los estados financieros de la entidad, los cuales evidenciaban que el negocio operaba con pérdidas y que no se habían realizado distribuciones de ganancias.

Igualmente, los apelados indicaron que la designación del señor Colón Valle como vicepresidente y secretario respondía a funciones administrativas y no acreditaba membresía alguna en la compañía, y que, en su toma de deposición, el propio señor Colón Valle no había podido identificar documento alguno que acreditara su titularidad en la entidad[25]. En apoyo de sus alegaciones, presentaron los siguientes documentos:

1. Exhibit A – Resoluciones corporativas de Miradero Hills[26].

2. Exhibit B - Deposición tomada a la señora Reyes el 7 de marzo de 2024[27].

3. Exhibit C - Primera deposición tomada al señor Alameda Ramírez el 26 de marzo de 2024[28].

4. Exhibit D - Comprobantes de Retención del señor Colón Valle[29].

5. Exhibit E - Deposición tomada al señor Colón Valle el 18 de abril de 2024.[30]

6. Exhibit F - Certificado de Empleo del señor Colón Valle[31].

7. Exhibit G - Estados Financieros 2022[32].

---

[25] Entrada 225 de SUMAC TPI.

[26] *Íd.*, anejo 1.

[27] *Íd.*, anejo 2.

[28] *Íd.*, anejo 3.

[29] *Íd.*, anejo 4.

[30] *Íd.*, anejo 5.

[31] *Íd.*, anejo 6.

[32] *Íd.*, anejo 7.

8. Exhibit H – Mensaje de texto del señor Colón Valle al señor Alameda Ramírez[33].

El 18 de diciembre de 2025 el Tribunal de Primera Instancia dictó su *Sentencia Parcial.* En ella, declaró sin lugar la solicitud de sentencia sumaria parcial presentada por el matrimonio Colón-Matías. A su vez, declaró con lugar la oposición a moción de sentencia sumaria, con lo cual desestimó las causas de acción de disolución y liquidación de la compañía por falta de legitimación activa, así como la reclamación de interferencia culposa con obligaciones contractuales presentada contra Alameda Holdings. Finalmente, el tribunal dispuso que quedaban pendientes de adjudicación las restantes causas de acción sobre cobro de dinero e incumplimiento de contrato, por lo que ordenó la continuación de los procedimientos[34].

Inconformes con dicha determinación, el matrimonio Colón-Matías presentó una moción de reconsideración[35], la cual fue declarada sin lugar mediante la *Resolución* notificada el 8 de enero de 2026[36].

Aún inconforme, el 9 de febrero de 2026, el matrimonio Colón-Matías presentó este recurso y formuló los siguientes señalamientos de error:

Erró el Tribunal de Primera Instancia al imponer un requisito no contemplado en el Art. 19.18(a) de la Ley General de Corporaciones, al exigir que la condición de miembro constara "categóricamente" en el certificado de organización para negar la membresía del Sr. Colón Valle.

Erró el TPI al dar efecto concluyente, en etapa de sentencia sumaria, a documentos corporativos cuya validez, alcance y efectos jurídicos se encontraban controvertidos, sin celebrar vista evidenciaria y en violación a la Regla 36 de Procedimiento Civil

Erró el TPI ya que la sentencia convierte el tratamiento contributivo o pagos por "servicios" en un elemento determinante de no-membresía.

Erró el TPI al desestimar prematura [*sic*] por "falta de legitimación" pese a hechos medulares controvertidos.

---

[33] Entrada 225 de SUMAC TPI, anejo 8.

[34] Entrada 229 de SUMAC TPI.

[35] Entrada 230 de SUMAC TPI.

[36] Entrada 231 de SUMAC TPI.

> Erró el TPI la desestimación [*sic*] de la interferencia culposa con obligaciones contractuales [*sic*] Alameda Holdings es improcedente en esta etapa.

(Mayúsculas y énfasis omitidos).

Por su parte, el 10 de marzo de 2026, la parte apelada presentó su alegato en oposición al recurso. En su escrito, solicitó que se confirmara la *Sentencia Parcial* dictada por el Tribunal de Primera Instancia. Argumentó, además, que el foro primario había actuado correctamente al concluir que el señor Colón Valle no había demostrado ser miembro de Hogar de Ancianos Miradero Hills, LLC, ya que del certificado de organización de la entidad solo surge su designación como vicepresidente y secretario, lo cual constituye un cargo administrativo y no un reconocimiento de membresía conforme al Art. 19.18 de la Ley General de Corporaciones. Además, sostuvo que la prueba presentada por el apelante, incluidas las alegaciones sobre participación en ganancias, designaciones ante el IRS y un supuesto acuerdo con el señor Alameda Ramírez, no acreditaba su admisión como miembro de la compañía ni cumplía con los requisitos legales para ello.

De igual forma, la parte apelada defendió la determinación del Tribunal de Primera Instancia de desestimar las reclamaciones de disolución y liquidación por falta de legitimación activa y la causa de acción por interferencia culposa contra Alameda Holdings Corp., al sostener que no se había demostrado la existencia de un contrato válido con el cual un tercero pudiera haber interferido. En consecuencia, solicitó que declaráramos sin lugar la apelación y confirmáramos la *Sentencia Parcial* recurrida.

Con el beneficio de la comparecencia de las partes litigantes, resolvemos.

II

A

La Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, establece que una moción de sentencia sumaria debe estar fundada en declaraciones juradas, o por aquella evidencia que demuestre la inexistencia de una

controversia sustancial de hechos esenciales y pertinentes. En su consecuencia, podrá dictarse sentencia sumaria cuando no exista ninguna controversia real sobre los hechos materiales y esenciales del caso y, además, si el derecho aplicable lo justifica. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013).

Un hecho material "es aquel que tiene un impacto sobre el resultado de la reclamación según el derecho sustantivo aplicable". *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010). A su vez, la controversia relacionada a un hecho material debe ser real, "por lo que cualquier duda es insuficiente para derrotar una Solicitud de Sentencia Sumaria". *Íd.*, a las págs. 213-214.

De otra parte, al evaluar la solicitud de sentencia sumaria, "se tendrán como ciertos los hechos no controvertidos que consten en los documentos y las declaraciones juradas ofrecidas por la parte promovente". *Piñero v. A.A.A.*, 146 DPR 890, 904 (1998).

Con relación a los hechos relevantes sobre los cuales se plantea la inexistencia de una controversia sustancial, la parte promovente "está obligada a desglosarlos en párrafos debidamente enumerados y, para cada uno de ellos, especificar la página o el párrafo de la declaración jurada u otra prueba admisible en evidencia que lo apoya". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR, a la pág. 432. Por su lado, la parte promovida tiene el deber de refutar los hechos alegados, con prueba que controvierta la exposición de la parte que solicita la sentencia sumaria. *López v. Miranda*, 166 DPR 546, 563 (2005).

A esos efectos, procede que se dicte sentencia sumaria únicamente cuando de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia, demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente, y, además, si el derecho aplicable así lo justifica. *Oriental Bank v. Caballero García*, 212 DPR 671, 678-679 (2023). Cumplidos estos requisitos, resulta innecesaria la celebración de un juicio, pues únicamente resta aplicar el derecho a los

hechos no controvertidos. *Oriental Bank v. Caballero García*, 212 DPR, a las págs. 678-679.

En sentido contrario, no procede resolver un caso por la vía sumaria cuando: (1) existen hechos materiales y esenciales controvertidos; (2) hay alegaciones alternativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o, (4) como cuestión de derecho, no procede. *Echandi v. Stewart Title Guaranty Co.*, 174 DPR 355, 368 (2008).

B

La Ley Núm. 164-2009, según enmendada, intitulada *Ley General de Corporaciones,* 14 LPRA sec. 3501-4084, constituye el estatuto especial que rige la creación, organización y funcionamiento de las entidades corporativas en Puerto Rico. Véase, *Eagle Security Police, Inc. v. Dorado*, 211 DPR 70, 85 (2023); *Dorado del Mar v. Weber*, 203 DPR 31, 45 (2019). Al amparo de dicho estatuto se reconoce la existencia de distintas formas organizativas, entre ellas la compañía de responsabilidad limitada, entidad que posee personalidad jurídica propia y separada de las personas que la constituyen, y que se organiza al amparo del Capítulo XIX de la Ley General de Corporaciones. C. Díaz Olivo, *Corporaciones: Tratado sobre Derecho Corporativo*, 2016, pág. 569. Como ha reconocido el Tribunal Supremo de Puerto Rico, estas entidades jurídicas constituyen ficciones legales creadas por el Estado, capaces de realizar aquellas transacciones lícitas autorizadas por ley y de promover cualquier objeto o propósito legítimo permitido por el ordenamiento jurídico. *Peguero y otros v. Hernández Pellot,* 139 DPR 487, 502 (1995).

El Art. 19.01(e) de la Ley General de Corporaciones, 14 LPRA sec. 3951, define compañía de responsabilidad limitada como aquella creada por una (1) o más personas conforme a las leyes de Puerto Rico, que incluye, sin limitaciones, a una "Compañía de Responsabilidad Limitada

con Fin Social" o "CRLFS", que satisfaga todos los requisitos expuestos en la sec. 3956(c) del 14 LPRA.

En comparación con otros tipos de entidades, la CRL ofrece varias características que la convierten en una alternativa atractiva para la organización de empresas. En particular, algunos de sus elementos distintivos son los siguientes: (1) responsabilidad limitada, característica de la figura de la corporación; (2) posibilidad de tributación a un solo nivel, característica de la figura de la sociedad; y, (3) flexibilidad en la estructuración de su operación interna. C. Díaz Olivo, *op. cit.* Esa flexibilidad permite que los miembros diseñen libremente la estructura administrativa y económica de la entidad conforme a sus necesidades.

A esos fines, los asuntos internos y la administración de una CRL se rigen principalmente por el **contrato de compañía de responsabilidad limitada**, también conocido como **contrato operacional** u otro documento similar. 14 LPRA sec. 3951(g). Este contrato constituye el acuerdo básico entre los miembros, y regula los negocios y asuntos de la compañía, así como su estructura administrativa y económica. C. Díaz Olivo, *op cit.*, pág. 573.

La Ley General de Corporaciones distingue entre las distintas figuras que pueden formar parte de una CRL. En particular, el Art. 19.01(a) define **administrador** como la persona nombrada o designada como administrador de una compañía de responsabilidad limitada conforme al contrato de compañía de responsabilidad limitada u otro documento organizativo similar. 14 LPRA sec. 3951(a).

Por su parte, el Art. 19.01(k) define **miembro** como la persona que ha sido admitida como miembro de una compañía de responsabilidad limitada conforme a lo dispuesto en el Artículo 19.18 del estatuto, o, en el caso de compañías de responsabilidad limitada foráneas, conforme a las leyes del estado, país o jurisdicción conforme a la cual dicha entidad se organizó. 14 LPRA sec. 3951(k).

En ese contexto, el Artículo 19.18 de la Ley General de Corporaciones regula el mecanismo mediante el cual una persona puede ser admitida como miembro de una compañía de responsabilidad limitada. Dicho artículo dispone que, en relación con la formación de una CRL, una persona es admitida como miembro al ocurrir: (1) la formación de la compañía, o (2) la fecha dispuesta en el contrato de compañía de responsabilidad limitada; y, en ausencia de una disposición en dicho contrato, **cuando los récords de la compañía reflejen la admisión de la persona**. 14 LPRA sec. 3968.

La doctrina también reconoce que la condición de miembro en una compañía de responsabilidad limitada no necesariamente coincide con la existencia de un interés económico en la entidad. Una persona que no es miembro puede poseer un interés económico en la compañía, y, a su vez, una persona puede ser miembro sin haber realizado una aportación inicial de capital, si así lo permite el contrato de compañía de responsabilidad limitada. C. Díaz Olivo, *op. cit.*, págs. 579-580.

En cuanto a los remedios disponibles, la Ley General de Corporaciones dispone en su Art. 19.48 que el Tribunal de Primera Instancia podrá ordenar la disolución judicial de una compañía de responsabilidad limitada ante la petición de un miembro o administrador cuando no sea razonablemente posible continuar los negocios de conformidad con el contrato de compañía de responsabilidad limitada. 14 LPRA sec. 3998.

De otra parte, el Art. 19.12 de la Ley dispone que, para la formación de una CRL, una o más personas autorizadas deberán otorgar un **certificado de organización**, documento que se presenta en el Registro de Corporaciones del Departamento de Estado, conforme a los requisitos establecidos por la ley. 14 LPRA sec. 3962.

C

En materia de derecho civil extracontractual, la doctrina de la interferencia torticera con relaciones contractuales supone la intervención

ilícita de un tercero ajeno con determinado vínculo contractual; ello, en perjuicio de la parte demandante. La causa de acción pertinente es una al amparo del concepto general de culpa y negligencia estatuido en el Art. 1536 del Código Civil de 2020, 31 LPRA sec. 10802, y propone la existencia de una responsabilidad solidaria entre el tercero interviniente y el contratante que, a sabiendas, incumple con los términos de la obligación asumida con aquél que reclama. Véase, *Dolphin Int'l of P.R. v. Ryder Truck Lines,* 127 DPR 869 (1991); *Gen. Office Prods. v. A. M. Capen's Sons,* 115 DPR 553 (1984).

Conforme a lo dispuesto por Tribunal Supremo, los elementos constitutivos de esta causa de acción son los siguientes: (1) la existencia de un contrato con el cual interfiere un tercero. **Si lo que se afecta es una expectativa o una relación económica provechosa sin que medie contrato, la acción no procede**, aunque es posible que se incurra en responsabilidad bajo otros supuestos jurídicos; (2) que haya mediado culpa. Basta con que el perjudicado pruebe o presente hechos que permitan inferir que el tercero actuó intencionalmente, con conocimiento de la existencia del contrato; (3) que se ocasione un daño al actor; y, (4) que el daño sea consecuencia de la actuación culposa del tercero. *Jusino et als. v. Walgreens,*155 DPR 560, 576 (2001). *Gen. Office Prods. v. A.M. Capen's Sons*, 115 DPR, a las págs. 558-559.

Por otro lado, en *Dolphin Int'l of P.R. v. Ryder Truck Lines*, 127 DPR 869 (1991), el Tribunal Supremo reiteró que, en aquellos casos en que la relación contractual con la que se interfiere es una terminable a voluntad de las partes, el tercero que interfiere no será responsable en una acción en daños y perjuicios por interferencia culposa. *Íd.*, a la pág. 886. Bajo dicha premisa, el Tribunal Supremo estableció que, para que pueda iniciarse la acción por interferencia culposa contra el tercero, no solo debe existir un contrato, sino que este sea a término fijo. *Íd.*, a la pág. 883.

III

Luego de examinar *de novo* el trámite procesal, el expediente ante nos, los escritos de las partes litigantes, así como la normativa aplicable, concluimos que el foro primario no incidió en su determinación. Veamos.

Por la estrecha relación entre el primer y cuarto señalamiento de error, procederemos a discutirlos conjuntamente. En su primer señalamiento de error, el matrimonio Colón-Matías sostiene que el Tribunal de Primera Instancia erró al imponer un requisito no contemplado en Art. 19.18(a) de la Ley General de Corporaciones al exigir que la condición de miembro constara "categóricamente" en el certificado de organización para negar la membresía del señor Colón Valle. Por su parte, en el cuarto señalamiento de error, argumenta que el foro primario erró al desestimar determinadas reclamaciones por falta de legitimación, a pesar de la existencia de hechos controvertidos. No le asiste la razón.

Como se expuso anteriormente en los fundamentos de derecho, de la lectura del Art. 19.18 de la Ley General de Corporaciones se desprende que la condición de miembro de una compañía de responsabilidad limitada surge únicamente cuando una persona ha sido admitida como tal conforme al mecanismo dispuesto por la Ley y por el contrato de compañía de responsabilidad limitada. En ausencia de una disposición contractual específica, la propia ley dispone que la admisión puede determinarse a la luz de lo que reflejen los récords de la entidad.

Tras examinar el expediente ante nuestra consideración, coincidimos con la conclusión del foro de primera instancia. La prueba documental que obra en autos demuestra que la compañía de responsabilidad limitada Miradero Hills fue creada el 29 de enero de 2018, según surge del Certificado de Organización presentado ante el Departamento de Estado[37].

Ahora bien, del expediente no surge la existencia de un contrato de compañía de responsabilidad limitada que disponga la admisión de

---

[37] Entrada 221 SUMAC TPI, anejo 7.

miembros ni documentación corporativa alguna que refleje formalmente dicha admisión. Por el contrario, los documentos organizativos únicamente identifican personas autorizadas y administradores de la entidad, entre ellos, el señor Alameda Ramírez y el señor Colón Valle.

Cabe destacar que el hecho de que el señor Colón Valle aparezca identificado en el certificado de organización como administrador o persona autorizada de la entidad no equivale, por sí sola, a su admisión como miembro de la compañía. Según surge del propio certificado, el señor Colón Valle figuraba en calidad de vicepresidente y secretario, y como administrador de la entidad, lo cual reflejaba una función administrativa dentro de la estructura organizativa de la compañía, mas no evidencia su admisión como miembro conforme al esquema estatutario aplicable; por ello, no es posible reconocer la condición jurídica de miembro del señor Colón Valle.

Así, de la revisión del expediente surge que no obra evidencia que acredite que el señor Colón Valle hubiese sido admitido como miembro de la entidad. En tales circunstancias, coincidimos con la conclusión del Tribunal de Primera Instancia. Consecuentemente, tampoco podía reconocerle al señor Colón Valle legitimación activa para instar aquellas reclamaciones que dependen de dicha condición jurídica. Por consiguiente, no se cometió el error señalado.

Resuelta la controversia sustantiva relativa a la presunta condición de miembro del señor Colón Valle, procedemos a atender los cuestionamientos dirigidos a la procedencia de la sentencia sumaria.

En vista de la relación entre el segundo y tercer señalamiento de error, corresponde atenderlos conjuntamente. En el segundo error, el matrimonio Colón-Matías sostiene que se dio efecto concluyente, en etapa de sentencia sumaria, a documentos corporativos cuya validez, alcance y efectos jurídicos se encontraban controvertidos, por lo que era necesaria la celebración de una vista evidenciaria. En su tercer señalamiento de error, argumenta que la determinación recurrida convirtió el tratamiento

contributivo o los pagos por "servicios" en un elemento determinante para concluir que no era miembro de la entidad. No le asiste la razón.

Como promovente de la sentencia sumaria, correspondía al matrimonio Colón-Matías demostrar, mediante evidencia admisible, la inexistencia de controversias reales sobre hechos materiales que justificaran la adjudicación de la controversia a su favor como cuestión de derecho. Sin embargo, la prueba que presentó no colocó al tribunal en posición de resolver la controversia a su favor. Por el contrario, la evidencia sometida permitió a la parte apelada controvertir sus alegaciones y evidenciar que la teoría del apelante no encontraba apoyo suficiente en el expediente.

La alegación de que el tribunal otorgó efecto concluyente a ciertos documentos corporativos tampoco nos persuade. El apelante se limita a cuestionar, de forma general, la validez, alcance o efectos jurídicos de dichos documentos, sin identificar con precisión cuáles de ellos estarían afectados por tales cuestionamientos, ni presentó prueba que genere una controversia real sobre su contenido o autenticidad. La mera inconformidad con la interpretación que el tribunal haga de la evidencia documental no constituye una controversia sustancial de hechos que requiera la celebración de una vista evidenciaria.

A modo ilustrativo, el matrimonio Colón Valle alegó que una enmienda al certificado de la CRL presentado ante el Departamento de Estado era falso o fraudulento. Sin embargo, al presentar su solicitud de sentencia sumaria no acompañó evidencia que sustentara tal alegación ni identificó prueba que colocara ese hecho en controversia real.

Asimismo, del expediente no surge que la determinación recurrida haya descansado exclusivamente en el tratamiento contributivo o en los pagos por servicios recibidos por el señor Colón-Matías. Tales circunstancias formaron parte de la prueba que obra en autos, mas no constituyeron el fundamento determinante de la conclusión alcanzada.

En consecuencia, de la revisión del expediente no surge la existencia de controversias reales sobre hechos materiales que impidieran la disposición del caso por la vía sumaria. Así, coincidimos con la conclusión del Tribunal de Primera Instancia de que resultaba innecesaria la celebración de una vista evidenciaria. Por consiguiente, carecen de mérito los errores señalados.

En su quinto señalamiento de error, el matrimonio Colón-Matías sostiene que erró el Tribunal de Primera Instancia al desestimar la causa de acción por interferencia culposa con obligaciones contractuales presentada contra Alameda Holdings, por entender que dicha determinación resultaba improcedente en esta etapa del procedimiento. No le asiste la razón.

Según discutimos, para que prospere la causa de acción por interferencia torticera con relaciones contractuales, es indispensable la existencia de un contrato válido con el cual un tercero haya interferido de forma intencional y culposa. En ausencia de dicho vínculo contractual, la acción no procede, pues la mera afectación de expectativas o de una relación económica potencial no es suficiente para sostener este tipo de reclamación.

De la revisión del expediente que obra en autos no surge evidencia que demuestre la existencia de un contrato válido entre el señor Colón Valle y otra parte con el cual Alameda Holdings hubiese interferido. Por el contrario, los planteamientos del matrimonio Colón-Matías descansan principalmente en alegaciones relacionadas con sus expectativas de participación en el negocio y con su presunta condición de miembro de la entidad. Tales alegaciones, aun si se aceptaran como ciertas, no identifican un contrato específico cuyo incumplimiento haya sido provocado o inducido por Alameda Holdings.

Asimismo, la apelante tampoco señala un acuerdo contractual a término fijo cuyo incumplimiento pueda atribuirse a la intervención de dicho tercero. En tales circunstancias, la reclamación se fundamenta en

expectativas o relaciones económicas potenciales, lo cual resulta insuficiente para sostener una causa de acción por interferencia torticera con relaciones contractuales.

En consecuencia, del examen del expediente no surge base jurídica que permita sostener la reclamación por interferencia culposa con obligaciones contractuales contra Alameda Holdings. Por tanto, coincidimos con la determinación del Tribunal de Primera Instancia.

A la luz de lo anterior, concluimos que el Tribunal de Primera Instancia no cometió los errores imputados por el matrimonio Colón-Matías.

IV

Por los fundamentos antes expuestos, **confirmamos** la *Sentencia Parcial* emitida el 18 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Ponce.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones